# WARD *a.* SERVOSS.

*Supreme Court, First District; Special Term, February,* 1863.

MARRIED WOMAN.—CHARGING SEPARATE ESTATE.—ASSENT
OF HUSBAND.

Section 3 of chapter 90 of Laws of 1860, requiring the assent of the husband to
the bargain, sale, or conveyance, by his wife, of her separate estate, does not
apply to any act of hers, by which she creates simply a charge or lien upon
such estate.

Thus, her contract to pay a debt, charging the same upon her separate estate,
does not require, under that act, the assent of her husband.

Demurrer to the complaint.

This action was brought by Montaigne Ward against L. H.
Servoss, wife of Thomas L. Servoss, upon a note for $425, in
which she agreed to make the amount chargeable upon her
separate estate. The note was dated March, 1862. The com-
plaint alleged that the defendant's separate estate consisted of
certain land, and sought judgment, specially charging it. The
defendant demurred for want of cause of action.

*John Owen,* in support of the demurrer, insisted that the
contract was invalid, for the want of the husband's assent.
(*Laws of* 1860, ch. 90, § 3.)

*Matthews & Griffin,* opposed.

CLERKE, J.—The 3d section of the act of 1860 (*Laws of* 1860,
157, ch. 90), authorizing a married woman to bargain, sell, and
convey her real estate, does not apply to any act of hers, by
which she creates a charge or lien on her separate estate.
Therefore, the restriction contained in that section, which says
that no such conveyance shall be valid without the assent in

writing of her husband, is confined to what may be deemed strictly a transference of her estate. Specifically charging her estate is entirely a different thing from conveying or transferring it; and her right to do the former continued as it had existed before the act.

The demurrer must be overruled, with liberty to answer in ten days, on payment of costs of demurrer.